IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| LORENZO RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. 5:11-CV-202-H** |
| | ) | |
| CORINDA GREENE, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LORENZO RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. 5:11-CV-72-H** |
| | ) | |
| CORINDA GREENE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

These matters are before the court on plaintiff's motions to proceed in forma pauperis and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2). Magistrate Judge David W. Daniel filed an Order and Memorandum and Recommendation ("M&R") in 5:11-CV-72-H on April 26, 2011, ordering that plaintiff's motion to proceed in forma pauperis be granted and recommending that the

underlying complaint be dismissed as frivolous. On April 27, 2011, Judge Daniel filed an order and M&R in case number 5:11-CV-202-H, also ordering that plaintiff's motion to proceed in forma pauperis be granted and recommending that the underlying complaint be dismissed as frivolous. Plaintiff filed objections in each case, objecting to the recommendations of dismissal. On May 5, 2011, plaintiff also filed a motion for temporary stay in case number 5:11-CV-202-H to stay enforcement of the child support order entered by the state court.

In both actions, plaintiff appears to be seeking review of North Carolina Supreme Court decisions, namely the decisions to (1) deny his request for appeal of a state court child support order and (2) deny his request for appeal of a state court criminal conviction. Such an attempt to appeal a state court judgment is foreclosed by the Rooker-Feldman doctrine. Davani v. Virginia Dept. of Transp., 434 F.3d 712, 719 (4th Cir. 2006); see Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984), cert. denied, 474 U.S. 968 (1985) (invoking the "well settled rule that a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form

2

of a civil rights action"). Therefore, the court lacks subject matter jurisdiction over these matters.[1]

Because the court lacks subject matter jurisdiction over these attempted appeals, these matters are hereby DISMISSED. The clerk is directed to close these cases. All other pending motions are deemed MOOT.

This 5TH day of July 2011.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

---

[1] Plaintiff has named as the defendant in both cases Corinda Greene, who the court assumes is the mother of the children for whose benefit the child support order was initially entered. Plaintiff has failed to state a claim against her, as she cannot be responsible for any of the alleged wrongs. In his objections, plaintiff alleges he has amended his complaint to add defendants such as the State of North Carolina. The court finds no attempt in the record of any such amendment; however, such amendment would be futile because, as noted above, this court lacks subject matter jurisdiction over these matters.

3